**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSE CRUZ,
D.O.C. # 938059,**

    Plaintiff,

vs.                                                          Case No. 4:20cv584-AW-MAF

**FLORIDA ATTORNEY GENERAL,**

    Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

After issuance of a Report and Recommendation, ECF No. 12, on February 19, 2021, concerning the pro se Plaintiff's second amended complaint, ECF No. 11, Plaintiff submitted another pleading also titled as a "second amended complaint," ECF No. 13. Although Plaintiff was not granted permission to file another amended complaint, the pleading (deemed to be a third amended complaint) has been reviewed. Because review does not change the recommendation already made, this amended Report and Recommendation is entered to address both documents entitled as a "second amended complaint," ECF Nos. 11, 13.

Page 2 of 8

Plaintiff initiated this case by asserting that he desired to file a complaint pursuant to the civil rights statute, 42 U.S.C. § 1983, against the Attorney General. ECF No. 1. This case was opened for Plaintiff, and he was informed that if he desired to proceed, he must pay the filing fee or file an in forma pauperis motion. ECF No. 3. Further, that Order explained the difference between a challenge to a conviction or sentence and a civil rights action. *Id.* Plaintiff was specifically informed that a civil rights case was used to challenge the conditions of confinement, but could not challenge the fact of his incarceration. Plaintiff was directed to file an amended complaint if he was challenging the conditions of confinement, and required to include a clear request for relief. *Id.*

Plaintiff then filed an amended complaint, ECF No. 5, which was reviewed. Again, Plaintiff stated "that he seeks 'review of his conviction.'" *Id.* at 5. Plaintiff provided rambling and vague argument, but he did not provide a clear statement of facts showing how the Attorney General had harmed him. Once more, Plaintiff was informed that he could not challenge his conviction or sentence in this civil rights action. ECF No. 10.

Case No. 4:20cv584-AW-MAF

Plaintiff has now filed two second amended complaints.  ECF No. 11, 13.  The pleadings have been reviewed as required by 28 U.S.C. § 1915A.  Again, Plaintiff has not heeded the guidance provided to him.

The documents make clear that Plaintiff is incarcerated at Union Correctional Institution.  ECF No. 11 at 2; ECF No. 13 at 2, 4.  These civil rights complaints are brought against Attorney General Ashley Moody.  *Id.*  Plaintiff alleges that the trial court committed "error" and he has been subjected to "false imprisonment."  ECF Nos. 11 at 5, 13 at 5.  He contends that the trial court did not orally pronounce a sentence on count II, the kidnapping with a firearm charge.  *Id.*

Plaintiff states that he seeks compensatory damages for lost wages due to his incarceration.  He argues that he is subjected to false imprisonment due to trial court error.  ECF No. 13 at 6.  Plaintiff also makes an unsupported and unintelligible claim that the Attorney General "was making totally false," but it is unclear whether he is contending that arguments were false, or that false records were issued, or that the evidence was false.  *Id.*; *see also* ECF No. 13 at 7.  At any rate, the claim cannot proceed because Plaintiff is attempting to use this civil rights case to seek monetary damages for false imprisonment.  ECF No. 13 at 7.

Additionally, the first submitted "second amended complaint" contains nonsensical assertions,[1] and more clearly demonstrates that Plaintiff is attempting to challenge the sentence imposed for his criminal conviction of kidnapping with a firearm.  *See* ECF No. 11 at 5-7.  Plaintiff requests this Court conduct a review of the state court's decision of "criminal case no. 92-20576" and the alleged failure of the court to orally pronounce a sentence on the kidnapping charge.  *Id.* at 5, 7.  Such review is accomplished through habeas proceedings, not civil rights cases.

Judicial notice is taken that Plaintiff is currently incarcerated and has unsuccessfully attempted to challenge the conviction at issue in this case.  Although he did not honestly disclose within his second amended complaint that he has previously "filed other lawsuits in either state or federal court dealing with the same facts or issue involved in this case," *see* ECF No. 11 at 10 and ECF No. 13 ta 10, Plaintiff has filed many such challenges to his conviction.  Indeed, he has filed so many meritless challenges, he has been sanctioned by the Florida Third District Court of Appeal.  Cruz v. State, 209 So. 3d 63, 64 (Fla. 3d DCA 2016) (order

---

[1] For example, the Attorney General does not affirm a trial court's decision; that is done by an appellant court.

Case No. 4:20cv584-AW-MAF

directing "the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, petitions or motions relating to Cruz's conviction and sentence in Case No. 92–20576A, unless they are filed by a Florida Bar member in good standing").

Plaintiff filed a petition for writ of habeas corpus in the summer of 2017 which was ruled upon in the United States District Court for the Southern District of Florida, case number 1:17cv21895-JLK.[2]  The Report and Recommendation entered in that case demonstrates that Plaintiff was "attacking his conviction and sentence in case number 92-20576, entered in the Eleventh Judicial Circuit Court or Miami-Dade County."  ECF No. 9 at 1 (case # 1:17cv21895).  The Report and Recommendation detailed the following:

> The Petitioner is serving a life sentence in Miami-Dade case number 92-20576 pursuant to a guilty verdict for armed burglary with an explosive or weapon, kidnapping during the commission of a felony, and robbery with a gun or deadly weapon. (App. A, B).  The Third District Court of Appeal affirmed his convictions on direct appeal but remanded for resentencing to correct an error with consecutive habitual offender sentences, and the Florida Supreme Court denied review on January 18, 1996.  <u>Cruz v. State</u>, 660 So. 2d 792

---

[2] This Court has confirmed that the case was filed by Jose Cruz, whose D.O.C. inmate number is 938059.  At the time the habeas petition was filed, Plaintiff was housed at Taylor Correctional Institution.

Case No. 4:20cv584-AW-MAF

> (Fla. 3d DCA 1995) (3D94-1029); Cruz v. State, 667 So. 2d 774 (Fla. 1996). The trial court issued a new sentencing order on October 31, 1995. (App. B at 12).

ECF No. 9 at 2 (case # 1:17cv21895). Plaintiff filed numerous post-conviction motions and multiple § 2254 habeas petitions which were all unsuccessful. *Id.* at 2-3. The Report and Recommendation was adopted and Plaintiff's habeas petition dismissed on June 28, 2017. ECF No. 13.

It is clear that Plaintiff is unable to demonstrate that the conviction and sentence he desires to challenge has been overturned. That is important because Plaintiff cannot bring a civil rights action concerning that conviction if a ruling in the Plaintiff's "favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Morrow v. Federal Bureau of Prisons, 610 F.3d 1271, 1272 (11th Cir. 2010) (quoted in Jones v. Beasley, 645 F. App'x 840, 843 (11th Cir. 2016)). Any such challenge is barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (holding that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

Case No. 4:20cv584-AW-MAF

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254").

Although it is possible to bring a false imprisonment claim pursuant to § 1983, *see* Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996), it is barred if the suit seeks to negate an underlying conviction or sentence. If the suit does not, then it "is not *Heck*-bared." Dyer v. Lee, 488 F.3d 876, 879-80 (11th Cir. 2007) (quoted in Jones, 645 F. App'x at 843). Here, this civil rights case does seek to overturn the sentence which Plaintiff has, on numerous occasions, sought unsuccessfully to overturn. What Plaintiff was unable to do in habeas, he cannot do in a civil rights case. Any request for relief related to that conviction is barred, whether Plaintiff seeks monetary damages for "loss [sic] wages," *see* ECF No. 11 at 6 and ECF No. 13 at 6, or speedier release from prison, as Plaintiff was previously informed in this case. Therefore, this case should be summarily dismissed as further opportunities to amend would not be beneficial.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, and his more recently submitted third amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) as it is barred by <u>Heck v. Humphrey</u>, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**